UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| GAGANDEEP SINGH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, BLUEBONNET DETENTION CENTER, et al.,<br><br>Respondents. | No. 1:26-CV-433-H |

**ORDER**

Before the Court is Gagandeep Singh's emergency motion for a temporary restraining order and preliminary injunction. Dkt. No. 2. Because the motion improperly requests the ultimate relief that Singh seeks in his pending habeas petition (Dkt. No. 1), the motion is denied.

**1. Legal Standard**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order (TRO) is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, J.). Thus, the party seeking a TRO must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (O'Connor, J.). The movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in the movant's favor; and (4) that issuing the injunction will not disserve the public interest.

*Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013) (citing *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Granting such relief is thus "the exception rather than the rule." *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" required for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Miss. Power*, 760 F.2d at 621). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. Am.'s Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sep. 24, 2014).

**2. Analysis**

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 439 (1974). Because the Court can only enter a preliminary injunction or a TRO to preserve the status quo, the Court cannot give Singh "the ultimate relief" that he requests via a preliminary injunction or a TRO. *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Singh's motion appears to request the same relief that he seeks in his habeas petition. *Compare* Dkt. No. 1 at 12–13, *with* Dkt. No. 2 at 10–11. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). He requests in his motion that the Court order his release from custody, Dkt. No. 2 at 9–11, but the ultimate relief that he seeks in his petition is also release from custody, Dkt. No. 1 at 13. His motion—like his petition—thus focuses exclusively on his present custody. Because the motion improperly seeks as preliminary relief the ultimate relief that Singh requests in his petition, the motion (Dkt. No. 2) is denied. Singh's petition remains pending. Dkt. No. 1.

So ordered on September 2, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE